# Borough of Middletown et al., Appellants, *v.* Public Service Commission et al.

*Public Service Company Law—Public Service Commission— Water companies—Rates—Valuation—Evidence—Review by Superior Court.*

Upon an appeal from an order of the Public Service Commission, in a rate case, where no question of confiscation of property or violation of constitutional right is involved, findings of fact by the commission which are based on substantial and competent evidence must be sustained by the Superior Court.

Where the report of the Public Service Commission discloses that, in determining the fair value of a water company's property for rate making purposes, it considered all the elements involved, as required by the Public Service Company Law, and from the conflicting evidence fixed a valuation which was fully sustained by competent evidence, the Superior Court will not review the evidence for the purpose of exercising its independent judgment to determinate the facts from the weight of the evidence.

In an appeal from an order of the Public Service Commission where the only questions involved were the correctness of the valuation of the water company's plant for rate making purposes, and the allowance made for annual operating expenses and taxes, the order of the commission will be sustained, if it appears to have been based upon substantial and competent evidence.

Argued March 16, 1923. Appeals, Nos. 21, March T., 1922, and 23, March T., 1923, by complainants, from report and orders of the Public Service Commission of the Commonwealth of Pennsylvania, Complaint Docket, Nos.

3701 and 3942, 1920, in the case of O. M. Swartz, A. H. Luckenbill, S. C. Young, E. L. Croll and W. H. Myers and the Borough of Middletown v. Middletown and Swatara Consolidated Water Company.     Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAW-THROP, JJ.   Affirmed.

Complaint against schedules of increased rates filed by the Middletown and Swatara Consolidated Water Company.

The facts are stated in the opinion of the Superior Court.

The commission made the following orders:

"These matters being before the Public Service Commission of the Commonwealth of Pennsylvania upon complaints and answers on file, and having been duly heard and submitted by the parties and full investigation of the matters and things involved having been had, and the commission having on the date hereof made and filed of record a report containing its findings of fact and conclusions thereon, which said report is hereby approved and made part hereof:

"Now, to wit, December 13, 1921, it is ordered: That the Middletown and Swatara Consolidated Water Company, respondent, be and it is hereby authorized and permitted to charge and collect, until the further order of the Commission to be entered after June 1, 1922, the rates contained in its Tariff Schedule P. S. C. Pa. No. 2 and supplements thereto, which said rates are hereby fixed by the commission as the maximum, just and reasonable temporary rates to be charged and collected during said period in accordance with the findings and determinations of the commission as contained in the foregoing report.

"It is further ordered: That the Middletown and Swatara Consolidated Water Company, respondent, file with the commission accurate detailed monthly statements of operating costs and revenues, beginning June

1, 1921, and ending May 31, 1922, together with a record of actual performance in gallons of water daily filtered and pumped into the system, showing the volume of pumpage by water power, the volume of pumpage by steam power, and the quantity of water sold by meter.

"It is further ordered: That the Middletown and Swatara Consolidated Water Company, respondent, within thirty days of the date of service of this order, submit to the commission for approval revised rules and regulations in accordance with the findings and determinations of the commission contained in the foregoing report.

"The commission hereby retains jurisdiction with respect to the reasonableness of the rates complained against, for the purpose of making a further review of the records in the light of the monthly reports to be filed as aforesaid, and will after June 1, 1922, make such further order in the premises as the circumstances may then warrant."

"[This matter being before the Public Service Commission of the Commonwealth of Pennsylvania in pursuance of the commission's report and order of December 13, 1921, and further hearing having been held, and full investigaton of the matters and things involved having been had, and the commission having on the date hereof made and filed of record a report containing its findings of fact and conclusions thereon, which said report is hereby approved and made part hereof.

"Now, to wit, October 24, 1922, it is ordered: That the complainants be and they are hereby severally dismissed.]3"

*Errors assigned,* among others, were the orders of the commission.

*John R. Geyer,* and with him *D. M. Wallace,* for appellant.—Prices during an abnormal economic period (the war period) should not be considered in a repro-

duction cost valuation for rate-making purposes: Spokane v. Washington Water Power Co. (Wash.) P. U. R., 1921, D., 762; Re: Public Service Ry. Co. (N. J.) P. U. R., 1921, D., 593; Re: So. Cal. Edison Co., (Cal.) P. U. R., 1921, D., 65; Blue Field Water Works & Imp. Co. (W. Va.) P. U. R., 1921, E., 655; Lansing Fuel & Gas Co. (Mich.) P. U. R., 1921, D., 387.

The respondent has not sustained the burden of proving the reasonableness of the increased rates: St. Clair Coal Co. v. P. S. C., 79 Pa. Superior Ct. 528; Ill. Light & Traction Co. (Ill.) P. U. R., 1921, B., 549.

*William H. Sponsler,* and with him *J. E. B. Cunningham,* for intervening appellee.

*Frank M. Hunter,* Counsel, and with him *John Fox Weiss,* Assistant Counsel, for the Public Service Commission.—The court does not determine the question of the weight of the evidence but should confine itself, so far as findings of fact are concerned, to the question, as to whether there was any evidence from which the commission could have made the particular findings: Fletcher Paper Co. v. Detroit & N. R. Co., 164 N. W. 528; City of Santa Monica v. R. R. Comm. of Cal., 177 Pac. 989.

OPINION BY PORTER, J., July 12, 1923:

These are appeals from the Public Service Commission in a rate case. The commission, on October 18, 1921, filed a report finding the historical cost of the property of the water company to have been "at least $173,359, without including any allowance for organization, incorporation and development costs or cost of establishing the business"; that the "reproduction cost new depreciation of the properties would be $213,000, with no allowance for going concern value"; and that the present fair value of the property of the company, used and useful in the public service was $202,000, upon which amount the com-

pany was entitled to a return of 7% per annum. The commission found that the company was entitled to a gross revenue of $32,540 per annum, made up as follows: Operating expenses and taxes $14,400; annual depreciation for renewals and replacements $4,000 and (7% return on $202,000) $14,140, making a total of $32,540. The commission found that the rate complained against did not at that time seem to be unreasonable. It did not, however, dismiss the complaints, but retained jurisdiction and ordered the water company to file with the commission monthly reports, showing operating costs and revenues, until June 1, 1922, after which date the commission would proceed to make a final determination of the amount to be allowed for operating cost and the gross annual revenue to which the company should be entitled. The complainants thereupon took the appeal No. 21 March Term, 1922, and it was agreed between the parties that the argument of that appeal should be postponed until after the commission made a final order disposing of the complaints. The company having filed with the commission, monthly, reports of the details of its operating costs and revenues until June 1, 1922, the commission subsequently heard and considered such testimony with regard to the cost of operations as the parties saw fit to present and, on October 24, 1922, filed a report reaffirming its former determination, finding the rates to be reasonable and dismissed the complaints. The complainants thereupon took the appeal No. 23 March Term, 1923. The appeals have been argued together, involve only the same questions and may be disposed of by one order.

Did the commission err in finding and determining the fair value of the plant and facilities of the company, for rate-making purposes, to be $202,000? Did the commission err in determining that the company should be allowed for operating expenses and taxes the sum of $14,400 per annum? These are the only questions involved in these appeals. The able counsel representing

the appellants contended at the argument that this court
should exercise its independent judgment, as to the law
and the facts, and determine, from the weight of the evi-
dence, what is the fair value of the property of the water
company, for rate-making purposes, and what amount
should be allowed annually for operating expenses and
taxes.   He frankly conceded that there was substantial,
competent evidence to sustain the findings of the com-
mission, and if the court was not required to exercise its
independent judgment and determine the facts from the
weight of the evidence, the appeals could not be sus-
tained.   We have held since this case was argued that
where no question of confiscation of property or the vio-
lation of any right guaranteed by the Fourteenth
Amendment of the Constitution of the United States was
involved, findings of fact by the Public Service Commis-
sion, when sustained by substantial, competent evidence,
must be sustained: City of Scranton v. Public Service
Commission, 80 Pa. Superior Ct. 549, and Borough of
Lewistown v. Public Service Commission, 80 Pa. Supe-
rior Ct. 528.   We have examined with care the evi-
dence presented to the commission in this case and
find that the findings of the commission were fully
sustained by substantial, competent evidence.   The
report of the commission discloses that it considered
all the elements involved, as required by the Public Serv-
ice Company law in determining the fair value of the
property of the water company.   The commission found
that the historical cost of the property, without any al-
lowance for development cost or going concern value,
was $173,359;   that the reproduction cost new, with
proper allowance for depreciation in the existing plant,
would be $213,000, without any allowance for going con-
cern value, and there was competent evidence to fully
sustain such findings.   The testimony of the engineer
who was called by the appellants fixed the historical cost
of the property at about $166,000, and the same witness
testified that the cost of reproduction new, at the aver-

age prices for the five year period from 1916 to 1920, would be about $266,692, and that making the proper reduction for depreciation the valuation would be $209,-347, if the average prices for the period named were to be accepted as the basis for the reproduction cost. Now, this was a witness produced by the complainants. The testimony of the witnesses called by the water company fixed the reproduction cost of the plant, less depreciation, at a higher figure. The commission in determining the present fair value of the property was required to make a proper allowance for development cost or going concern value, and having done this it found the present fair value of the property to be $202,000. It cannot, therefore, be said that the commission based its valuation upon the reproduction cost at the prices prevailing during the five year period 1916 to 1920, for the value which it fixed was lower than the estimated reproduction cost, less depreciation, testified to by any of the witnesses, and the commission included an allowance for going concern value, which the witnesses in their estimates did not. We cannot, therefore, say that the determination of the value of the property by the commission was without substantial, competent evidence to sustain it. The finding of the commission that a reasonable annual allowance for operating costs and taxes was $14,400 was also based upon substantial, competent testimony. There was upon this point, as well as upon the question of valuation, a conflict of evidence, but the question thus presented was one which it was the function of the commission to solve.

In the appeals Nos. 21, March Term, 1922, and No. 23, March Term, 1923, the determinations of the Public Service Commission are affirmed and the appeals are dismissed at cost of the appellants.